IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
JOHN P. PARRIS, BAR NO. 7479.

No. 83790

FILED

FEB 1 6 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF SUSPENSION*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney John P. Parris be suspended for six months and one day, to run consecutive to the suspension imposed in *In re Discipline of Parris*, No. 83370, 2021 WL 5176743 (Nev. Nov. 5, 2021) (Order of Suspension). This matter concerns violations of RPC 3.4(c) (fairness to opposing party and counsel: knowingly disobeying an obligation under the rules of a tribunal), RPC 8.1(b) (disciplinary matters), and RPC 8.4(d) (misconduct). Because no briefs have been filed, this matter stands submitted for decision based on the record. SCR 105(3)(b).

The State Bar has the burden of showing by clear and convincing evidence that Parris committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). Here, however, the facts and charges alleged in the complaint are deemed admitted because Parris failed to answer the complaint and a default was entered.[1] SCR 105(2). The record therefore establishes that Parris violated

---

[1]The complaint was served on Parris through regular and certified mail at his SCR 79 address. The State Bar unsuccessfully attempted personal service of numerous disciplinary pleadings. The State Bar also

RPC 8.1(b) (disciplinary matters) and RPC 8.4(d) (misconduct) by failing to comply with conditions he agreed to in exchange for a public discipline in a separate disciplinary matter and by failing to respond to the State Bar's inquiries. Specifically, Parris agreed to complete 10 additional CLEs and pay the costs of the disciplinary proceedings leading to the public reprimand by the end of 2020. When the State Bar contacted Parris regarding his compliance with those conditions, he failed to respond. In contrast, the facts alleged in the complaint and admitted as true because of the default, are not sufficient to establish a violation of RPC 3.4(c) (fairness to opposing party and counsel). Thus, we strike that charge.

Turning to the appropriate discipline, we review the hearing panel's recommendation de novo. SCR 105(3)(b). Although we "must . . . exercise independent judgment," the panel's recommendation is persuasive. *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Parris knowingly violated duties owed to the legal system (disobeying an obligation under the rules of a tribunal) and the profession

---

emailed numerous disciplinary pleadings to Parris, including notice of the hearing. Further, the State Bar left messages with Parris's answering service and was informed he was receiving those messages.

(failure to respond to lawful requests for information from the State Bar).[2] Parris's failure to cooperate with the disciplinary investigation harmed the integrity of the profession, which depends on a self-regulating disciplinary system. The baseline sanction for Parris's misconduct, before consideration of aggravating or mitigating circumstances, is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 6.22 (Am. Bar Ass'n 2017) (recommending suspension "when a lawyer knows that he or she is violating a court order or rule, and . . . causes interference or potential interference with a legal proceeding"); Standard 7.2 ("Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system."). The panel found and the record supports five aggravating circumstances (prior discipline, pattern of misconduct, multiple offenses, refusal to acknowledge the wrongful nature of the conduct, and substantial experience in the practice of law) and no mitigating circumstances.

Accordingly, we hereby suspend attorney John P. Parris from the practice of law in Nevada for six months and one day to run consecutive to his suspension in *In re Discipline of Parris*, No. 83370, 2021 WL 5176743

---

[2]While the hearing panel stated it could not determine Parris's mental state because he was not present at the disciplinary hearing, the panel, nevertheless, concluded that Standards 6.22 and 7.2 of the Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards* (Am. Bar Ass'n 2017) applied, which are both applicable only when a lawyer has a knowing mental state.

(Nev. Nov. 5, 2021) (Order of Suspension).  Parris shall also pay the costs of the disciplinary proceeding, including $2,500 under SCR 120, within 30 days from the date of this order.  The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

_____, J.
Pickering

_____, J.
Herndon

cc:    Chair, Southern Nevada Disciplinary Board
John P. Parris
Bar Counsel, State Bar of Nevada
Executive Director, State Bar of Nevada
Admissions Office, U.S. Supreme Court

Supreme Court
OF
Nevada

(O) 1947A

4